68 F.3d 488
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jerome SCOTT, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3175.
 United States Court of Appeals, Federal Circuit.
 Oct. 12, 1995.
 
 Before MAYER, Circuit Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.
 PER CURIAM.
 
 
 1
 Jerome Scott seeks review of the July 22, 1994 initial decision of the Merit Systems Protection Board, Docket No. CH-0752-94-0722-I-1, dismissing the appeal of his removal from the United States Postal Service as untimely filed. The initial decision became final on November 21, 1994, when the board denied Scott's petition for review. We affirm.
 
 
 2
 On March 17, 1994, the Postal Service issued its decision to remove Scott for being absent without leave and for failing to comply with official policies for requesting leave. Scott's removal became effective on April 22, 1994. On June 22, 1994, Scott appealed the decision to remove him to the board.
 
 
 3
 Upon receipt of Scott's appeal, the board issued an order, also dated June 22, 1994, stating that the appeal appeared to be untimely because it was filed more than 20 days* after the effective date of Scott's removal. Thus, the board ordered Scott to "file evidence and argument showing that [his] appeal was timely filed or that good cause existed for the delay" by July 7, 1994. Scott never filed a response to the board's order; therefore, the board dismissed his protest as untimely. On November 21, 1994, the board denied Scott's petition for review, which offered no explanation for his failure to respond to the board's initial order.
 
 
 4
 We must affirm the board's decision to dismiss Scott's appeal as untimely unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994). Whether the board should waive the regulatory time limit for filing an appeal is a matter committed to its discretion, and we will not substitute our own judgment for that of the board. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992).
 
 
 5
 Scott's untimely filing would be excusable if he had exercised diligence or ordinary prudence. However, the burden was on Scott to demonstrate that the delay was excusable. He had an obligation, therefore, to make an appropriate response to the board's order. "A petitioner who ignores an order of the Administrative Judge does so at his or her peril." Id.
 
 
 6
 Here, the board issued a specific order requiring evidence and argument that either the appeal had been timely filed or that good cause existed for the delay. Nevertheless, Scott ignored the board's order. Indeed, in his petition for review, he offers no explanation for his failure to respond. While Scott did claim in his initial appeal that he "never received" the written notice of his removal, he attached a copy of that very document to his appeal. The board did not abuse its discretion by dismissing Scott's appeal for his failure to show good cause for filing it in an untimely manner.
 
 
 
 *
 The board has amended its regulations, effective June 17, 1994, to require appeals to be filed within 30 days. See 5 C.F.R. Sec. 1201.22(b) (1995); 59 Fed.Reg. 31,109 (1994)